IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMEKA NICOLE TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 1:23-CV-1076 |
| | § | |
| MURSION, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Jameka Nicole Taylor ("Plaintiff" or "Taylor"), and files her Original Complaint, complaining of Defendant Mursion, Inc. ("Defendant" or "Mursion") for violations of Title VII of Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Taylor demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, actual damages; and costs and attorneys' fees for the adverse actions suffered by Taylor due to Defendant taking such adverse employment actions against her in violation of Title VII and Section 1981.

## PARTIES

1. The plaintiff, Jameka Nicole Taylor, is an African American individual who is an adult resident of Austin, Travis County, Texas.

2. The defendant, Mursion, Inc., is a Texas Foreign For-Profit Corporation that conducts business in Austin, Travis County, Texas with its principal address located at 2443 Filmore Street, Suite 515, San Francisco, CA 94115. Defendant may be served by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

3.     Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

4.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII.  Defendant is an employer qualified to do business in Texas and employs more than 100 regular employees.

## JURISDICTION & VENUE

5.     This case is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.  Accordingly, jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6.     Venue of this action is proper in this Court because a substantial part of the unlawful employment practices described herein were committed in the Western District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Western District of Texas.  Venue is invoked pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.     Taylor is an African American individual who is a former employee of Defendant.  Taylor began working for Defendant in May 2021 as the Director of Community.  By all accounts, Taylor had an overall positive work performance that met or exceeded company expectations.  As a result, Taylor was tasked with increased duties and responsibilities in addition to her role changing to the Director of Community and Engagement in May 2022.  In her role as Director of Community and Engagement, Taylor was responsible for, among other things, public relations, organizing and promoting marketing events, digital marketing, search engine optimization ("SEO"), and website analytics.

8. Defendant is a business that provides virtual reality training for essential skills in the workplace. Defendant creates customized virtual reality simulations that provide a wide range of immersive and authentic workplace environments throughout various levels of organizations in healthcare, education, hospitality, finance, and other corporate sectors. Defendant declares it is committed to providing employees a workplace free of discrimination, harassment, and retaliation yet its actions paint a vastly different picture. Defendant has a pattern and practice of cloaking its discriminatory and retaliatory adverse employment actions as corporate restructuring or as inclusion in a reduction in force ("RIF"), as it did with Taylor following her complaints of discrimination.

9. In April 2022, Taylor started reporting to Katya Levitan-Reiner (Caucasian) who was assigned to lead the marketing department. Prior to Ms. Levitan-Reiner's management of the marketing team, Taylor was documented as an employee who consistently met or exceeded the company employee performance standards. Almost immediately after the start of her reporting to Ms. Levitan-Reiner, Taylor noticed she was being subjected to disparate treatment because of her race. Specifically, Ms. Levitan-Reiner placed Taylor under a heightened level of surveillance and scrutiny by implementing standing meetings and daily check-ins but did not subject other non-African American members of the marketing team to these terms and conditions of employment.

10. As a result of Ms. Levitan-Reiner's disparate treatment, Taylor made a complaint of race discrimination in late April 2022 and again in May 2022. In response to Taylor's verbal and written complaints of race discrimination to the Head of People and Culture and the Human Resources department, Defendant initiated an investigation into Taylor's complaints.

Unsurprisingly, the report of Defendant's hurriedly investigation stated Taylor's race complaints were unsubstantiated.

11.     Instead of properly investigating Taylor's complaints of discrimination and taking steps to deter illegal employment practices at the workplace, Defendant continued its pattern and practice of discriminatory and retaliatory personnel decisions by terminating Taylor's employment on or about July 15, 2022.  In an attempt to legitimize its adverse employment action against Taylor, Defendant stated that Taylor's termination was pursuant to a RIF and that her position was eliminated.  However, Defendant's retention of less tenured, less experienced members of the marketing department that are outside of Taylor's protected class raise a strong inference that the reason provided for Taylor's termination is pretextual.  Additionally, Taylor was replaced by individuals outside of her protected class when Defendant fractioned off her job duties and responsibilities to non-African American employees in the marketing and sales departments.

12.     Accordingly, Defendant's action of terminating Taylor's employment was discriminatory and in relation for Taylor engaging in protected activity (i.e., making complaints of racial discrimination).  In an attempt to conceal its true motivation, Defendant stated Taylor's position was no longer feasible and subjectively included her in a RIF.

13.     As stated above and throughout, Taylor was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.  Defendant's illegal employment practice necessitated the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission and the filing of this lawsuit.

**CAUSES OF ACTION**

14.     <u>Section 1981 and Title VII Race Discrimination</u> – Based on the above facts, Defendant's conduct violates 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment on the basis of race.  Defendant violated Section 1981 and Title VII when it subjected Taylor to disparate treatment because of her race, African American.

19.     Taylor timely filed a charge of discrimination on or about November 2, 2022 (EEOC Charge No. 451-2023-00428), to challenge the race discrimination she suffered by Defendant.  Plaintiff has received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights.

20.     <u>Section 1981 and Title VII Race Retaliation</u> – Based on the above facts, Defendant's conduct violates 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, which established a prohibition on retaliation against a person who opposes and complains of mistreatment on the basis of their race.  Defendant violated 42 U.S.C. § 1981 and Title VII when it retaliated against Taylor for engaging in protected activity – complaints of racial discrimination.

21.     Taylor timely filed a charge of discrimination on or about November 2, 2022 (EEOC Charge No. 451-2023-00428), to challenge the race discrimination she suffered by Defendant.  Plaintiff has received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights.

**DAMAGES**

22.     As a direct and proximate cause of the aforementioned arbitrary and capricious acts, Taylor has suffered grievous harm, including but not limited to:

a. Loss of wages and benefits, including front pay and back pay,

b. Humiliation and embarrassment among coworkers and others,

c. Mental anguish and emotional distress,

d. Sustained damage to Plaintiff's credibility, and

e. Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

23. Defendant's action and conduct as described herein and the resulting damage and loss to Taylor has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 2202 Ruth Street, Houston, Texas 77004 in initiating this proceeding. Taylor seeks recovery of reasonable and necessary attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

a. Declaring that the acts and practices described in this Complaint are in violation of Plaintiff's rights;

b. Enjoining and permanently restraining Defendants from engaging in such conduct;

c. Directing Defendants to pay Plaintiff actual and compensatory damages that he suffered, past and future;

d. Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

e. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

f.      Awarding Plaintiff punitive damages to be determined by the trier of fact;

g.      Awarding Plaintiff liquidated damages.

h.      Awarding Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

i.      Awarding Plaintiff such other relief, legal or equitable, as may be warranted.


Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for Jameka Taylor